NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMONDRAY D. MAYO, | No. 18-16081 |
| Petitioner-Appellant, | D.C. No. 3:09-cv-00316-MMD-WGC |
| v. | |
| STATE OF NEVADA; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted January 24, 2020
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Demondray Mayo appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C.§ 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. Mayo argues that the Nevada Supreme Court's determination that his guilty plea was knowing and voluntary was contrary to clearly established federal law and based on an unreasonable determination of fact. This argument lacks merit.

"A state court's decision is an 'unreasonable application' of federal law only if it is 'objectively unreasonable[.]'" *Riley v. Payne*, 352 F.3d 1313, 1317 (9th Cir. 2003) (citation omitted). Here, the Nevada Supreme Court concluded that Mayo's plea was knowing, voluntary, and intelligent based on a rational evaluation of the evidentiary record. *See Boykin v. Alabama*, 395 U.S. 238, 242-243 (1969). At the plea canvass, Mayo stated that he was entering the plea freely and voluntarily; he also answered multiple other questions suggesting that he understood what was occurring. The state supreme court further found that the transcript of Mayo's interview with the police prior to the hearing "reflects that Mayo was lucid, described his versions of events with some detail," and provided a consistent set of facts to the officers. According to the Nevada Supreme Court, Mayo's comportment during this interview reflected sufficient intellectual capability for the trial court to have determined that he was competent to enter the plea. Based on

18-16081

the record, the Nevada Supreme Court's legal determination was not objectively unreasonable.

Insofar as the state court's factual findings are challenged, the "unreasonable determination of fact" clause of 28 U.S. § 2254(d) requires that federal courts "must be particularly deferential" to state court factual determinations. *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004). Here, the Nevada Supreme Court's determined that Mayo's plea was voluntary and knowing based on multiple facts in the record. We find that the Nevada Supreme Court's findings of fact regarding Mayo's plea are supported by the record and are reasonable.

2. Mayo asks this Court to expand the certificate of appealability (COA) to consider his ineffective assistance of counsel claim. In order for this Court to grant a certificate of appealability in a post-AEDPA habeas case such as this one, the Petitioner must make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A Petitioner makes such a showing (1) if he or she demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong;" or (2) the issue presented is "adequate to deserve encouragement to proceed further." *Id*. at 483-84. Mayo has not made such a showing.

Mayo does not present clear evidence in the record showing that his attorney failed to meet a reasonable level of professional competence even though he did

not challenge the guilty plea based on intellectual deficits or medication that Mayo was taking at the time. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the absence of clear evidence that Mayo was not able to understand instructions or make decisions due to these reasons, counsel's failure to raise them was not necessarily or likely ineffective.

Additionally, while Mayo claims that he suffered prejudice on account of counsel's failure to raise these issues, he presents sparse evidence that he would have changed his plea had counsel acted differently. The State of Nevada had a fairly strong case against Mayo; multiple individuals had reported to the police that Mayo had admitted to shooting Escoto-Gonzales. Mayo has not shown that he made the decision to plead guilty in haste, in a state of confusion, or without receiving multiple explanations of its consequences due to the negligence of counsel. For these reasons, and in light of the significant deference accorded to a state supreme court's denial of an ineffective assistance of counsel claim, reasonable jurists would likely not find the district court's denial of Mayo's Sixth Amendment constitutional claim debatable or incorrect. *See Cullen v. Pinholster*, 563 U.S. 170, 173 (2011). This Court declines to hear this issue on appeal.

**AFFIRMED.**

18-16081